UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNDERWRITERS AT LLOYDS, SYNDICATE 4242 ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>TURTLE CREEK PARTNERSHIP, LTD. D/B/A TURTLE CREEK APARTMENTS ET AL.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 4:08-cv-3044<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Request for Entry of Default and Request for Entry of Default Judgment (Doc. No. 28). After considering the Plaintiffs' filings and the applicable law, the Court finds that the Plaintiffs' motion should be granted in part and denied in part.

### I.     BACKGROUND

This is a declaratory judgment action in which Plaintiffs Underwriters at Lloyds, Syndicate 4242, and International Catastrophe Insurance Managers, LLC ("Lloyds" or "Plaintiffs") seek a judicial declaration that there is no coverage under a named peril commercial property insurance policy, on the grounds the insured failed to comply with a provision of the policy.[1]  In 2008, Lloyds brought suit against two Defendants: Turtle Creek Partnership, Ltd., d/b/a Turtle Creek Apartments ("Turtle Creek"), and Gator

---

[1] The relevant facts are laid out in greater detail in the Court's January 14, 2010 Order (Doc. No. 29), which denied Plaintiffs' summary judgment motion against Defendant Turtle Creek Partnership, Ltd., d/b/a Turtle Creek Apartments ("Turtle Creek").

1

Country, LLC ("Gator Country" or "Defendant"). Gator Country never appeared or filed any pleading with the Court.

Turtle Creek did appear, and filed its Answer (Doc. No. 7) on November 10, 2008. Lloyds and Turtle Creek set a scheduling order for the case and conducted discovery. Lloyds filed a Motion for Summary Judgment (Doc. No. 18) while discovery was ongoing. Lloyds argued that a provision of the policy, which required Turtle Creek to maintain separate flood insurance in addition to the Lloyds' windstorm policy, operated as a warranty in the policy. In insurance contract law, a breach of warranty makes the policy void or voidable, regardless of the materiality of the warranty to the loss. (*See* Order, Doc. No. 29, at 5.) Turtle Creek had failed to maintain separate flood insurance, and on these grounds, Lloyds sought a declaration from the Court that Turtle Creek could not receive windstorm coverage under the policy.

The Court denied summary judgment to Lloyds. It found that the insurance policy failed to create an unambiguous warranty, and held that there were fact questions as to whether the Turtle Creek property actually suffered flood damage such that the flood insurance requirement was material to the loss. (*See* Doc. No. 29.)

Two weeks after the Court denied summary judgment, Lloyds and Turtle Creek submitted a Notice of Settlement (Doc. No. 30), advising the Court that the two parties had settled all claims and counterclaims against each other. Lloyds now seeks a default declaration from the Court that the insurance policy in question provides no coverage to Gator Country, the remaining Defendant, because it failed to procure flood insurance as required by the policy. (Pls.' Req. for Entry of Default and Req. for Entry of Default J., Doc. No. 28, ¶ 13.)

**II.     ANALYSIS**

In the Fifth Circuit, there are three steps to obtaining a default judgment: (1) default, (2) entry of default, and (3) default judgment. *Pipe Wrap LLC v. P3 Indus. Techs., Inc.*, 2009 WL 2915921, at *2 (S.D. Tex. Aug. 31, 2009) (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)).

> A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.

*Id.* (emphasis in original). Rule 55(a) provides that a clerk must enter a party's default when that party, against whom judgment is sought, has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Depending on the nature of the damages and questions at issue, default judgment may then be entered by either a clerk or a court. Fed. R. Civ. P. 56(b)(1)-(2).

Lloyds has shown by affidavit that Gator Country has failed to plead or otherwise defend itself in the suit. (*See* Aff. of John P. Abbey, Doc. No. 23, Ex. C.) Thus, default has occurred, and Lloyds has made a sufficient showing for the clerk or court to enter a party's default. The Court hereby enters Gator Country's default.

Next, Lloyd's asks for a judgment based on Gator Country's default. The Court must consider the question of when it is appropriate to grant a default judgment against one of multiple defendants, especially in the context of its denial of summary judgment last month.

3

## A. Default Judgment Against One of Multiple Defendants

The Supreme Court has addressed the propriety of issuing a default judgment against one of several defendants, where all defendants were charged with joint liability. In *Frow v. De La Vega*, the appellant was one of several defendants charged with conspiracy to defraud. *See* 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2690 (3d ed. 1998) (citing 82 U.S. (15 Wall.) 552 (1872)). Appellant defaulted in the underlying case, but all other defendants timely appeared before the trial court. The trial court granted a final decree against the defaulting defendant, while the case continued against the other defendants. The Court stated:

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence; he cannot be heard at the final hearing.

*Id.* (citing 82 U.S. (15 Wall.) at 554). From *Frow*, a general rule has developed that, when one of multiple defendants who is facing a joint liability action has defaulted, judgment should not be entered against him until the matter has been adjudicated as to all defendants, or all defendants have defaulted. *Id.* The Court stated in *Frow*:

> [I]f the suit should be decided against the complainants on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

*Id.* (citing *Frow*, 82 U.S. (15 Wall.) at 554). "Although the rule developed in the [*Frow*] case applies when the liability is joint and several, it probably can be extended to

4

situations in which several defendants have closely related defenses." *Id.* (citing *Cuebas y Arredondo v. Cuebas y Arredondo*, 223 U.S. 376 (1912)).

The Court finds that a ruling in favor of Lloyds and against Gator Country would be incongruous with its rulings in the case so far. The two Defendants have a common defense in this case, that is, that the flood insurance provision did not operate as an unambiguous warranty. This Court holds that this argument, made by answering Defendant Turtle Creek, inures to the benefit of defaulting Defendant Gator Country. *See, e.g.*, *Southland Mobile Home Corp. v. Winders*, 561 S.W.2d 280 (Ark. 1978); *Kooper v. King*, 15 Cal. Rptr. 848 (Cal. Dist. Ct. App. 1961). The Court subsequently ruled on the question, finding that the flood provision did not operate as a warranty, and requiring Lloyds to come forward with evidence that the property in question suffered flood damage such that the flood provision was material to the property damage.

The Court will allow Turtle Creek's answers and defenses to continue to inure to the benefit of Gator Country, even though Turtle Creek has since settled the case with Lloyds. "Once an answer inures to a defendant's benefit, it would be illogical to retract that benefit upon dismissal of the answering defendant," such as by settlement. *Nat'l Sec. Fire & Cas. Co. v. Barnes*, 984 S.W.2d 80, 82 (Ark. Ct. App. 1999).

The Court will not enter an order against Gator Country that is incongruous with its holding in the January 14, 2010 Memorandum and Order (Doc. No. 29). Thus, Lloyds must, at the very least, provide evidence that Gator Country materially breached the policy. The Court may then properly weigh the evidence and make a final determination as to default judgment.

5

### III. CONCLUSION

Plaintiffs' Request for Entry of Default and Request for Entry of Default Judgment is **GRANTED** in part and **DENIED** in part. The Court grants Lloyds' request for entry of default. The Court denies without prejudice Lloyds' request for entry of default judgment. Turtle Creek's answer, as well as this Court's denial of summary judgment, inures to the benefit of Gator Country. Lloyds must come forward with evidence that Gator Country materially breached the insurance policy before judgment against Gator Country may be entered.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 26th day of February, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**